| jBARRY, Judge.
The defendant was charged with first degree murder and convicted of second degree murder of Lester Chester. He was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. Defendant submits that evidence and testimony was improperly admitted. We affirm.

Facts

D.B. testified that on September 19, 1990 she saw Lester Chester (73 years old) and a passenger drive down Louisa Street and park. A man in a white Malcolm X shirt and white Malcolm X shorts approached the car with a gun. Chester and his companion said they had no money, then D.B. heard two shots. The perpetrator ran and D.B. saw his face when he passed her holding the gun. D.B. testified that she went to a friend’s house until 4:00 a.m. then walked outside near the scene of the shooting. She said the defendant, who was wearing different clothes and carrying a different gun (an Uzi), approached her and asked if she was following him. She ran back to her |2friend’s house. D.B. testified that she left the house at 6:00 a.m. and the defendant approached her with a gun and forced her to an abandoned house and raped her. She said she did not immediately report the murder or rape because the defendant threatened to kill her. D.B. contacted the police two to three days later because they were looking for her. She identified the defendant in a photographic lineup and at trial as the murderer.
The parties stipulated that Ms. Fleming, a registered nurse at Delgado Clinic, would testify that D.B. reported the rape and was examined at the clinic on September 25,1992. Apparently the defendant was not charged with rape.
Officer Rodney Bailey investigated the homicide and testified that Errol Franklin (the passenger in Chester’s car) and Reginald Gillard reported that two men were involved in the shooting and ran from the scene. Officer Bailey testified that Franklin (who did not testify) tentatively identified another suspect as the perpetrator and failed to identify the defendant in a photographic lineup. Officer Bailey said that Gillard identified the defendant in a photographic lineup.
Reginald Gillard testified that he heard a gunshot and saw two men run from the scene but he did not see their faces. He said that he identified the defendant’s picture in a photographic lineup and signed that picture at Officer Bailey’s instruction, but he did not identify the defendant as the perpetrator. Gillard testified that he is afraid of the defendant.
Stephanie Bennett, the defendant’s former girlfriend, testified that they lived together at the time of the shooting and that the defendant was out between 9:00 p.m. and 2:00 a.m. (at the time of the murder). He wore white Malcolm X shirt and shorts when he left and returned in different clothes. | .-¡Bennett testified that the defendant was shaking when he returned and he confessed that he shot an old man on Louisa Street. Bennett testified that she did not call the police because she was afraid of the defendant. The police contacted Bennett and she gave them the defendant’s clothes.
Patricia Bennett, Stephanie’s mother, testified that she found in her grandson’s backpack and gave to police two gun clips, a knife and some photographs that belonged to the defendant. Those items are not in evidence.

Admissibility of Evidence

The defendant argues that the trial court improperly admitted the gun clips, knife and photographs in evidence because they were obtained pursuant to an unconstitutional search and seizure.
That argument has no merit because the trial court ruled those items were inadmissible and they are not in evidence. Moreover, there was no search and seizure under the Fourth Amendment.
The defendant argues that testimony concerning those items was inadmissible and highly prejudicial. That argument has no merit.
*571 Patricia Bennett’s testimony concerning the items was brief:
[Examination by Assistant District Attorney]:
Q. Okay, and did you give the police some items that belonged to him?
A. Yes, I did.
Q. Alright, now what were they?
A Two gun clips, a knife, and some photographs.
Q. Okay. Where were these items when you found them?
A. In my grandson’s backpack.
| .Although the defense objected that the jury should not see the photographs, the defense did not object to Ms. Bennett’s testimony on relevancy grounds until after she was excused and the state rested subject to rebuttal. There was no contemporaneous objection and that issue was not preserved. La.C.Cr.P. art. 841. State v. Gomez, 433 So.2d 230, 236-37 (La.App. 1st Cir.), writ den. 440 So.2d 730 (La.1983) and writ den. 441 So.2d 747 (La.1983).
Even if the issue were preserved and the testimony irrelevant, the defendant is not entitled to reversal. When there is error we conduct a harmless error analysis
to determine whether the error contributed to the verdict or whether ‘the force of the evidence presumably considered by the jury in accordance with the instructions [of the court] is so overwhelming as to leave it beyond a reasonable doubt that the verdict resting on that evidence would have been the same in the absence of the [error].’ [Citations omitted.]
State v. Corley, 93-1934 (La. 3/11/94), 633 So.2d 151, 154, cert. den., — U.S.-, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994).
According to the defense, the photographs showed two unidentified masked men holding Uzis. Those photographs were irrelevant, La.C.E. arts. 401 and 402, and were not admitted in evidence. There was no testimony concerning the content of the photos and the trial court stated that the jury did not see them. Any error concerning the photographs could not have contributed to the verdict and was harmless.
Testimony concerning the knife was irrelevant because there was no evidence that a knife was involved in the killing. The trial court stated that the |sknife was “a common type of a pocket knife” and there was no evidence that the knife was illegal. The error was harmless.
Testimony about the two gun clips was irrelevant. Ms. Bennett did not specify the caliber or state how she knew the defendant owned them and there was no testimony or evidence to link the gun clips with Chester’s murder. Compare State v. Myers, 583 So.2d 67, 71 (La.App. 2d Cir.), writ den. 585 So.2d 576 (La.1991), in which the court excluded evidence of a magnum .00 buckshot shell because no evidence connected the shell to the offense and the defense had successfully used that shell to impeach a state’s witness.
Error in allowing that testimony was harmless. Testimony about the gun clips was insignificant in relation to other testimony in the record, and the conviction clearly was not attributable to the error. D.B. testified that the defendant wore a white Malcolm X shirt and shorts when he shot Chester. She saw his face when he passed her after the murder and she identified him in a photographic lineup and in court. Reginald Gil-lard saw two men run from the scene of the murder and he picked the defendant’s photo in a photographic lineup. The jury apparently rejected Gillard’s explanation that he did not intend to identify the defendant as the perpetrator of the crime and believed Officer Bailey’s testimony that Gillard voluntarily chose the defendant’s picture from the lineup. Stephanie Bennett testified that the defendant wore a white Malcolm X shirt and shorts when he left the apartment the evening of the murder. When he returned he was shaking and admitted that he killed an old man on Louisa Street. The record demonstrates that the verdict was not attributable to the error and would have been the same absent the error.
LWe reviewed the record and there are no errors patent. The conviction and sentence are affirmed.

AFFIRMED